[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 21, 2010
JOHN LEY
CLERK

_____

No. 09-12570
Non-Argument Calendar

_____

D. C. Docket No. 08-21012-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADIARIS FIGUEROLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

Before TJOFLAT, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Appellant was sentenced to a prison term of 27 months on a plea of guilty

(pursuant to a plea agreement) to conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349.  She now appeals her sentence, contending that it is procedurally unreasonable because the district court erred by not awarding her a three-level reduction of her base offense level for an incomplete conspiracy offense, pursuant to U.S.S.G. § 2X1.1(b)(2).

The Sentencing Guideline applicable to appellant's conviction for conspiracy to commit mail fraud is U.S.S.G. § 2X1.1, which applies to attempt, solicitation, and conspiracy offenses not covered by a specific offense guideline. U.S.S.G. § 2X1.1.  Section § 2X1.1(b)(2) provides for a three-level reduction to the defendant's base offense level:

> unless the defendant or a co-conspirator completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense or the circumstances demonstrate that the conspirators were about to complete all such acts but for apprehension or interruption by some similar event beyond their control.

U.S.S.G. § 2X1.1(b)(2).  The commentary to § 2X1.1 provides the following clarification:

> In most prosecutions for conspiracies or attempts, the substantive offense was substantially completed or was interrupted or prevented on the verge of completion by the intercession of law enforcement authorities or the victim. In such cases, no reduction of the offense level is warranted. Sometimes, however, the arrest occurs well before the defendant or any co-conspirator has completed the acts necessary for the substantive offense. Under such circumstances, a reduction of

2

3 levels is provided under § 2X1.1(b)(1) or (2).

U.S.S.G. § 2X1.1, comment. (backg'd).

In *United States v. Khawaja*, we concluded that defendants convicted of conspiracy to commit money laundering were entitled to the three-level reduction in § 2X1.1(b)(2) for the following reason:

> The record shows that although the conspirators intended to launder $2 million, they managed to launder only $570,556 prior to apprehension. The conspiracy was dependent on the IRS's fronting of the purported drug money, and the record does not show that at the time the IRS terminated its sting operation, Appellants had arranged for specific transactions to occur in the future. Accordingly, the conspirators had not taken crucial steps (including for example, preparing falsified documentation, securing cashier's checks, or arranging meetings for the exchange) to launder the remaining balance of $2 million. Consequently, Appellants neither believed that they had completed all the acts necessary on their part nor were they about to complete all such acts for the laundering of the entire $2 million.

118 F.3d 1454, 1458 (11th Cir. 1997).

Applying *Khawaja*, we subsequently held in *United States v. Puche* that money-laundering conspirators were similarly entitled to the three-level reduction because, although they had previously laundered over $700,000, they had not "taken crucial steps, such as contacting the [undercover] agents or preparing paperwork for more transfers, to launder the remaining six million dollars." 350 F.3d 1137, 1156 (11th Cir. 2003). Indeed, the defendants in *Puche* specifically

3

told the undercover agent that they "wanted to hold off on [future] transfers" for the time being. *Id.*

More recently, in *Watkins*, we addressed whether the analogous three-level reduction for solicitation offenses in § 2X1.1(b)(3)(A) applied where the defendant solicited an undercover agent to commit arson. 477 F.3d at 1278; *see* U.S.S.G. § 2X1.1(b)(3)(A). After we "adopt[ed] the approach taken in [its] application of § 2X1.1(b)(2)," the issue became "whether or not the person solicited had taken *all* the 'crucial steps' necessary to demonstrate to the defendant that the offense was about to be completed." *Watkins*, 477 F.3d at 1281. We ultimately remanded the case to the district court for further findings, since "the only steps taken were a diagram and a discussion about the placement of the incendiary devices. There was no evidence, however, that the undercover officer had obtained the actual devices or means to complete the arson.

In this case, appellant and her co-conspirators had taken "crucial steps" towards completing the substantive mail fraud offense at the time law enforcement intervened. This is so because they had established a detailed plan to carry out the offense, they had the means to execute the plan, and they were on the verge of executing the plan. The district court therefore correctly distinguished *Khawaja* and *Puche*. We thus conclude that the district court committed no error in

4

declining to award appellant a three-level reduction, pursuant to § 2X1.1(b)(2), and that her sentence is not procedurally unreasonable.

AFFIRMED.